DUNCAN M'RAE *versus* JAMES MATTOON.

Under the issue of *nil debet,* in an action upon a judgment recovered in another of the United States, the defendant is not allowed to prove that the judgment was obtained by fraud and misrepresentation

Parol evidence is admissible to prove the unwritten law, and the practice of the courts, of another of the United States.

If by the law and the usage of another of the United States, the bail is so far a party to the record against his principal, as to be bound to take notice of the proceedings against him and also of the subsequent proceedings against himself as the bail, he cannot object, in an action brought in this State upon a judgment recovered against him on a *scire facias* issued after he had quitted the other State, that he had no notice of the *scire facias.*

DEBT on judgment.

The first count sets out, in common form, a judgment recovered before the Court of Pleas and Quarter Sessions

M'Rae
*v.*
Mattoon.

for the county of Guilford, in North Carolina, in February 1827, upon a *scire facias* against the defendant as bail of one Field.

The second count sets out at length, that a suit was commenced by the plaintiff before the same court against Field ; that Field was arrested by the sheriff ; that the defendant became his bail, (setting forth the bail bond and the condition); that by the laws of North Carolina the bail bond was assignable, and that it was assigned to the plaintiff ; that the action was entered and Field appeared ; that a judgment was recovered against Field, in May 1826 ; that he did not abide the judgment but avoided, and thereby the condition of the bail bond was broken ; that an execution against Field was returned *non est inventus* ; that two writs of *scire facias* were issued against the defendant as bail, and were returned *nihil*, and upon the second *scire facias* a judgment was rendered against the defendant, as set forth in the first count.

The defendant pleaded four pleas : — 1. *Nul tiel record.* 2. *Nil debet.* 3. As to the second count, that the defendant never had notice of the judgment against the principal in North Carolina, nor of the subsequent proceedings against himself as bail. 4. That the *scire facias* mentioned in the first and second counts, never was made known to the defendant, nor had he notice that any process was instituted against him as bail.

The first plea terminated in an issue to the court.

To support this issue on his part, the plaintiff introduced a copy of the record of the Court of Pleas and Quarter Sessions, in Guilford county, in North Carolina. The defendant objected to the sufficiency of it to support the issue on the part of the plaintiff, but *Morton* J., before whom the cause was tried, held it to be sufficient.

To the third and fourth pleas the plaintiff replies, that the defendant voluntarily became a party to the suit against the principal, by becoming his bail, and by the laws of North Carolina was bound to take notice of the judgment against the principal ; that the proceedings against the bail were but a continuance of the original suit, and so the defendant, by the laws of North Carolina, was bound to take notice of

M'Rae
v.
Mattoon.

the proceedings against himself as bail ; and the plaintiff traverses the allegation, that the defendant had not notice of the original judgment against the principal, and of the subsequent proceedings against the bail. Upon these traverses issues were joined.

To prove the laws of North Carolina, and to show that by them the defendant was bound to take notice of the original judgment against the principal, and of the subsequent proceedings against the bail, the plaintiff introduced the depositions of John M. Dick and Ralph Gorrell, both of whom were in the practice of the law in that State. The defendant objected to the competency and sufficiency of this evidence ; but the judge ruled that it was competent, and, if believed by the jury, sufficient to maintain the third and fourth issues, on the part of the plaintiff.

The jury returned a verdict for the plaintiff on those two issues.

To the above decisions the defendant excepted.

Upon the plea of *nil debet,* issue was joined.

Under this issue the defendant offered evidence to show that J. M. Dick, the plaintiff's attorney in the action against Field, gave to an officer two subsequent writs for the same cause of action, directing him to arrest Field upon them and to take new bail, and that at the same time the attorney told the officer that the former suit had been discontinued.

The plaintiff objected to the evidence of Dick's declarations, but the objection was overruled.

It was agreed that the defendant, who had been a citizen of North Carolina, left that State in March 1826, and had not been within it since.

The jury returned a verdict for the defendant on this issue.

Judgment was to be rendered for the plaintiff or for the defendant, or a new trial was to be granted, as in the opinion of the whole Court justice might require.

*Wells* for the plaintiff. The case is to be considered as if it were an action of debt on a judgment recovered in this State. Under the plea of *nil debet* the defendant may prove a want of jurisdiction in the court ir North Carolina ;

Sept. 27th

*Mills* v. *Duryee*, 7 Cranch, 481 ; *Bissell* v. *Briggs*, 9 Mass. R. 462 ; *Hall* v. *Williams*, 6 Pick. 247 ; but he cannot show that the judgment was obtained by fraud. His proper remedy is a writ of error to reverse the judgment, or a petition for a new trial. 1 Stark. Ev. 183, 216, 254 , *Barker* v. *Bp. of London*, 1 H. Bl. 414 ; *Thatcher* v. *Gammon*, 12 Mass. R. 268 ; 2 Saund. on Pl. and Evid. 603.

If fraud could be given in evidence in defence of the action, it should be specially pleaded. *Moore* v. *Bowmaker*, 7 Taunt. 97 ; *Humberton* v. *Howgil*, Hob. 72 ; *Valkenburgh* v. *Rouk*, 12 Johns. R. 337 ; *Dorr* v. *Munsell*, 13 Johns. R. 430.

The declarations of Dick were inadmissible in evidence, because they constituted no part of what he was doing as agent of the plaintiff ; and they were not made to the defendant or to Field, nor communicated to either of them by Dick's direction. **2** Stark. Ev. 44 ; *Masters* v. *Abraham*, 1 Esp. Rep. 375.

*Grennell* and *Field*, *contrà*, insisted that the defendant had no notice of the proceedings against him in North Carolina, and therefore an action upon the judgment could not be sustained. *Robinson* v. *Ward*, 8 Johns. R. 67. The plaintiff attempts to show, that by the laws of that State notice was not required, and for this purpose he introduces parol evidence ; but the law of another State must be proved by documents properly authenticated. 2 Stark. Ev. 568 ; *Lincoln* v. *Battelle*, 6 Wendell, 475.

It appears that the principal defendant in the suit in North Carolina moved that Dick should produce his power of attorney to act in the suit, but that he exhibited only a power to prosecute two other suits against the principal. By the statute of that State, if the power of attorney to prosecute a suit is not produced when called for, the suit is to abate. *N. Car. St.* 1798, *c.* 10. The action prosecuted by Dick without a power of attorney, was therefore erroneous as against the principal, and the bail will be permitted, under the plea of *nil debet*, to take advantage of

the error, inasmuch as he cannot bring a writ of error to reverse the judgment.

M'Rae
*v.*
Mattoon.

To show that the declarations of Dick made to the officer and by him communicated to the principal and the bail, were admissible in evidence, they cited Phil. Ev. (1st Amer. edit.) 74, 77 ; *Helyear* v. *Hawke*, 5 Esp. R. 72 ; *Peto* v. *Hague*, ibid. 134 ; *Mott* v. *Kip*, 10 Johns. R. 478 ; *Fairl:e* v. *Hastings*, 10 Ves. 128.

PUTNAM J. delivered the opinion of the Court. Upon comparing the copy of the record which is produced, with the declaration, the Court are of opinion that there is such a record as the plaintiff has set forth and declared upon. The first issue, viz. upon *nul tiel record*, is therefore found by the Court for the plaintiff.

*Sept.* 29*th.*

The second issue, upon *nil debet*, was found for the defendant. And the plaintiff contends that the evidence which was admitted to prove it was altogether inadmissible. On the other hand, the defendant contends that the evidence was competent, and that the facts proved by the witnesses were sufficient to warrant the verdict. The question is, in substance, whether the defendant may prove, under this issue, that the judgment was obtained by fraud and misrepresentation. We are entirely satisfied, that while the judgment remains apparently in full force, that defence cannot be made against it. So that it becomes unnecessary to determine whether the evidence was admissible or not, as part of the *res gestæ* ; for if it were, it would not warrant the verdict.

This subject of the conclusiveness of judgments was very much considered in the case of *Homer* v. *Fish*, 1 Pick. 435 ; which has not been cited. It was shortly thus. Fish had obtained a judgment against Homer upon a policy of assurance, and it was paid on execution. Afterwards Homer discovered that Fish caused the insurance to be made when he knew that the ship was lost, and so procured a judgment against Homer by a gross fraud. Homer sued to recover back the money, as having been obtained from him by fraud and imposition. Now the general proposition is true, that an action for money had and received will lie to recover money obtained by fraud. But the defendant, Fish, set up his

M'Rae
*v.*
Mattoon.

judgment in his defence ; which Homer contended ought not to avail, because it had been so fraudulently procured. He would have avoided the effect of the judgment by the new evidence which he had discovered, proving in a most satisfactory manner the iniquity of the former proceedings. But the whole Court were clear that this evidence could not avail, while the judgment of Fish against Homer remained unreversed. The case concludes with this remark ; " the whole current of authorities seems to recognise the principle, that where a cause has been instituted in a proper forum, where all matters of defence were open to the party sued, *the judgment is conclusive* until reversed by a superior court which has jurisdiction of the same cause on a writ of error."

We would add, that if it were not so, there would be no end of litigation. If the first judgment is thus to be rendered void, the second is liable to the same allegation, and the third, and so on. The law would become a game of frauds, in which the greatest rogue would become the most successful player.

In the case at bar, the parties all belonged to the State of North Carolina at the time when the suit was commenced against the principal, and when the defendant became bail. They must be supposed to have submitted themselves to the laws and known practice of the courts in that State. If any proceedings have taken place there which would avoid the judgment obtained against the defendant, upon error, or if a new trial should be granted, the application must be made to the judicial courts there. But so long as the judgment remains in full force, the courts in Massachusetts cannot go behind it.

But the defendant contends, that the court had no jurisdiction, inasmuch as according to the third and fourth pleas, the defendant never had any notice that any process had been instituted against him as bail, and he never had notice of the judgment against the principal. If this appeared judicially, we should have no difficulty in holding the judgment to be a nullity. But, unfortunately for the defendant, the plaintiff has disproved those allegations of a want of notice.

M'Rae
*v.*
Mattoon.

The defendant has objected to the mode of proof, viz. by the evidence of witnesses, that the proceedings were according to the law of the State of North Carolina, and that by the law of that State and usage *there*, the defendant was so far a party to the record against the principal, as to be bound to take notice of the proceedings against him, and also of the subsequent proceedings against himself, as the bail. Now we think it too clear for argument, that it was competent for the plaintiff to prove by witnesses that such was the law of North Carolina. It was the only way to establish it here; for it was their common unwritten law, provable here as matters of fact are to be proved. And upon recurring to the evidence, it was very clearly established, not only by the opinion of the witnesses, who were of the profession and in the practice of the law, but by the judicial decision of the court there, in *Woodfork* v. *Broomfield*, 1 Murphey, 187.

The defendant therefore must be considered as affected by that constructive notice, which would avail the plaintiff just as effectually as if an actual notice were given; so far at least as we are at liberty to consider the matter. If there has been any fraud practised upon the defendant, ('of which, however, we have no judicial evidence,) we hope he will resort to the proper remedies provided in all civilized states for redress. It is to the judicial courts of North Carolina that application should be made for a new trial, or to reverse the judgment upon any error that may have happened there.

Our opinion is, that we must regard the judgment in North Carolina as in force, as it is presented, and that the verdict for the defendant, upon the issue of *nil debet*, should be set aside, and that the judgment should be rendered for the plaintiff